# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 14-839V
Filed: February 9, 2016

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * *  <br>CHELSEA BURTON,                               * <br>on behalf of her minor child, J.B.,           * <br>                                               * <br>                     Petitioner,              * <br>                                               * <br>v.                                             * <br>                                               * <br>SECRETARY OF HEALTH                            * <br>AND HUMAN SERVICES,                            * <br>                                               * <br>                     Respondent.              * <br>* * * * * * * * * * * * * * * * * * * * * * * * | UNPUBLISHED <br><br>Special Master Hamilton-Fieldman <br><br>Petitioner's Motion for Dismissal <br>Decision; Influenza ("Flu") Vaccine; <br>Neurological Symptoms; Acute <br>Disseminated Encephalomyelitis <br>("ADEM"); Brainstem Encephalitis. |

Andrew Downing, Van Cott & Talamante, PLLC, Phoenix, AZ, for Petitioner.
Gordon Shemin, United States Department of Justice, Washington, DC, for Respondent.

## DECISION[1]

On September 10, 2014, Chelsea Burton ("Petitioner") filed a petition for compensation on behalf of her minor child, J.B., under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 et seq. (2006) ("Vaccine Act"). Petitioner alleged that the administration of an influenza ("flu") vaccine on September 13, 2011 caused J.B. to suffer from "a plethora of unprecedented symptoms and illnesses" including acute disseminated encephalomyelitis ("ADEM"). The undersigned now finds that the information in the record does not show entitlement to an award under the Program.

On February 8, 2016, Petitioner filed a Motion for a Decision Dismissing her Petition. According to the motion, "Petitioner recognizes that she will likely be unable to meet her burden of proof and establish that she is entitled to compensation in the Vaccine Program." Accordingly, Petitioner has determined that "to proceed further would be unreasonable and

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 and note (2006)). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

would waste the resources of the Court, the Respondent, and the Vaccine Program." Petitioner further states that she understands that a dismissal decision will result in a judgment against her, and that such a judgment will end all of her rights in the Vaccine Program.

To receive compensation under the Vaccine Act, Petitioner must prove either 1) that J.B. suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to her vaccination, or 2) that he suffered an injury that was actually caused by a vaccine. See §§ 300aa-13(a)(1)(A) and 300aa-11(c)(1). An examination of the record did not uncover any evidence that J.B. suffered a "Table Injury." Further, the record does not contain a medical expert's opinion or any other persuasive evidence indicating that his injuries were caused by a vaccination.

Under the Vaccine Act, a petitioner may not be awarded compensation based solely on the petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 300aa-13(a)(1). In this case, because the medical records are insufficient to establish entitlement to compensation, a medical opinion must be offered in support. Petitioner, however, has offered no such opinion.

Therefore, the only alternative remains to DENY this petition. **Thus, this case is dismissed for insufficient proof. In the absence of a motion for review, the Clerk shall enter judgment accordingly.**

   **IT IS SO ORDERED.**

                /s/Lisa D. Hamilton-Fieldman
                Lisa D. Hamilton-Fieldman
                Special Master