# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 14-839V
Filed: April 15, 2016

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * | | UNPUBLISHED |
| CHELSEA BURTON, | * | |
| on behalf of her minor child, J.B., | * | |
| | * | Special Master Hamilton-Fieldman |
| Petitioner, | * | |
| | * | |
| v. | * | Attorneys' Fees and Costs; |
| | * | Reasonable Amount Requested |
| SECRETARY OF HEALTH | * | to which Respondent Does Not |
| AND HUMAN SERVICES, | * | Object. |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * | | |

<u>Andrew Downing</u>, Van Cott & Talamonte, PLLC, Phoenix, AZ, for Petitioner.
<u>Gordon Shemin</u>, United States Department of Justice, Washington, DC, for Respondent.

## DECISION[1]

On September 10, 2014, Chelsea Burton ("Petitioner") filed a petition for compensation on behalf of her minor child, J.B., under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 <u>et</u> <u>seq.</u> (2006) ("Vaccine Act"). Petitioner alleged that the administration of an influenza ("flu") vaccine on September 13, 2011 caused J.B. to suffer from "a plethora of unprecedented symptoms and illnesses" including acute disseminated encephalomyelitis ("ADEM"). On February 9, 2016, the undersigned issued a decision dismissing the petition.

On April 14, 2016, Petitioner filed an Unopposed Application for Attorneys' fees and Costs ("Motion"). In her application, Petitioner requests compensation for $25,000.00 in attorneys' fees and costs. Petitioner also requests reimbursement for $55.00 in costs that she personally incurred. According to Petitioner, Respondent has no objection to either of these amounts.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, codified as amended at 44 U.S.C. § 3501 note (2012). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in § 300aa-12(d)(4)(B). Consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300aa-15(e). The undersigned finds that this petition was brought in good faith and that there existed a reasonable basis for the claim. Therefore, an award for fees and costs is appropriate, pursuant to 42 U.S.C. § 300aa-15(b) and (e)(1). Further, the proposed amount seems reasonable and appropriate. **Accordingly, the undersigned hereby awards the amount of $25,000.00, in the form of a check made payable jointly to Petitioner and Petitioner's counsel, Drew Downing. The undersigned also awards the amount of $55.00, in the form of a check made payable solely to Petitioner.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[2]

**IT IS SO ORDERED.**

/s/Lisa D. Hamilton-Fieldman
Lisa D. Hamilton-Fieldman
Special Master

---

[2] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).